The judgment of the court was pronounced by
Preston, J.
The plaintiff sues the defendant as sheriff of the parish of Union for damages, for having sold under execution against her husband a slave named Clem, belonging to her. She is one of the heirs of Charlotte Emerite Eelahoussaye. In 1833, a judicial sale of the estate was made at the request of the heirs (her husband representing the plaintiff,) in order to effect a partition. At the sale the slave was adjudicated to the husband for $1650. Both husband and wife signed the proces verbal of sale. In the settlement of the estate she credited her share with the amount of her husband’s bid.
The plaintiff' contends, that the slave became her paraphernal property; the defendant, that he was the property of the husband by virtue of his purchase. Our code declares that property acquired during the existence of the community of acquests belongs to the community, whether the purchase be in the name of one or both of the parties, and that on the dissolution of the marriage, all effects me presumed to be common effects, unless they prove satisfactorily which effects they brought in marriage, or have been given them separately, or they have respectively inherited. Art. 2371, 2374.
The plaintiff did not inherit the slave Clem, but only an undivided interest in him, which on her own application was publicly sold by the parish judge. He was not given to her in payment of her interest in the succession,and it is not pretended was brought in marriage.
The husband paid for the slave with the paraphernal funds of his wife; but in precisely a similar case, the Supreme Court decided, in 1836, that the slave became community property, and the price a legal charge against the community; and the opinion has been adhered to in many subsequent decisions. Brown and Wife v. Cobb, 10 L.R. 180. Dominguez v. Lee, 17 L. R. 300. Brusser v. Wheeler, 4 R. R. 117.
*689 . There is nothing in the case of Newsom v. Adams, 3 L. R. 232, or Savinet v. LeBreton, 1 L. R. 520, adverse to the opinion. In the first the wife exchanged a paraphernal slave for another; in the last, the conveyance was to the husband, but he acknowledged in the act that he received it as a part of the wife’s paraphernal estate. And in all those cases in which the claim of the wife to property purchased during the existence of the community has been recognized. She established not only that it was purchased with her paraphernal funds, but also that she purchased it herself, or that it was purchased for her and in her own name. 1 R. R. 368. 11 R. 529, 446. 2d Ann, 931. This is indispensable to distinguish it from the community property, or to form an exception to the rules of law as to purchases during the existence of the community.
An eifort has been made in argument to show that the wife herself purchased the slave, but we cannot come to that conclusion. The maxim res peril domino is a good test of the property in this case. Had the slave died, we think any court under the circumstances would have accorded to the wife a legal mortgage for the $1650 of her paraphernal funds with which the price was paid. "With this view of the merits of the case, it becomes unnecessary to examine the bills of exception.
The judgment of the district court is affirmed, with costs.